## J. W. RIGHTER *v.* E. STALL and wife.

WHERE a debtor, owing a mortgage debt payable in small annual instalments at a future period, on the application of his creditor, advanced to the latter fourteen hundred dollars, on an agreement that he would apply and indorse two thousand one hundred dollars as a payment on the mortgage, and the creditor receipted that sum as such payment:

*Held,* 1. That there was no loan nor any forbearance, directly or indirectly, by the debtor to the creditor, and that the agreement was not usurious.

2. That the agreement was supported by a valid and sufficient consideration, and was not unconscionable.

Where about two-thirds of the sum secured by a mortgage, was paid at a time when a small amount was due for interest, and when no part of the principal, (which was payable in ten annual instalments,) was actually due; and there was no direction given by the debtor, nor any actual application of the payment made by the creditor; it was *held*, that the law must make the application, and that after discharging the interest due, the balance must be applied rateably, to the exoneration of all and each of the instalments of principal secured by the mortgage.

Costs to neither party, where both have claimed too much.

Poughkeepsie, July 27 ; August 6, 1846.

ON the first day of May, 1842, the defendants, E. Stall and wife, executed to Walter Righter a mortgage on a farm of 195 acres, in the town of Clay in the county of Onondaga, to secure the sum of $3081, according to E. Stall's bond of the same date, the condition of which provided that the interest should be paid annually for two years from that date, and thereafter the principal was to be paid in instalments of $300 each, with interest to be paid annually on all sums unpaid.

The mortgage was given for a part of the purchase money of the farm which Walter Righter sold to the defendant E. Stall, and Righter conveyed the same to E. Stall, by a full covenant deed, including covenants against incumbrances.

At the time Walter Righter gave the deed, and received the bond and mortgage, there was a prior mortgage on a portion of the farm, executed by one Pettit to one Empie, which W. Righter was bound to discharge. This mortgage bore date November 22d, 1836, and fourteen hundred dollars remained unpaid upon it on the 17th of April, 1843, of which a considerable sum was in arrear. The holder of the mortgage at that time was about instituting proceedings for its collection, and the bond accompanying it had been sued. W. Righter applied to E. Stall to anticipate the time of payment of his bond and mortgage, so as to enable Righter to pay the Pettit mortgage. An agreement was thereupon made between them, by which Stall was to advance and pay the $1400, in discharge of the Pettit mortgage, and W. Righter was to indorse $2100 upon Stall's bond and mortgage, as a payment thereon. At the time of making this arrangement, which was on the 17th day of April, 1843, Stall signed an agreement by which he was to pay the Pettit mortgage, and to indemnify W. Righter against the same; and Righter signed two receipts, one for $1400, and the other for $700, each stating that the respective amounts were to apply on Stall's bond and mortgage, and to be indorsed thereon as of that date. Stall paid the Pettit mortgage, on the 6th day of May, 1843, pursuant to his agreement. The interest for one year on his own bond and mortgage, fell due on the first day of May, 1843, but there was no principal payable till two years from that time.

On the 23d day of May, 1843, Walter Righter assigned Stall's bond and mortgage to the complainant, John W. Righter; who in July, 1845, filed the bill in this cause to foreclose the mortgage. He claimed that only $1400 had been paid on the bond and mortgage, and that he was entitled to recover the instalment of principal due May 1st, 1845, and the annual interest for two years preceding, on the sum unpaid.

Stall and wife answered the bill, insisting that the whole $2100 was a payment, and that there was no principal whatever due to the complainant. The cause was brought to a hearing on the pleadings and proofs.

*W. Eno,* for the complainant.

*P. Outwater, Jr.*, for the defendants.

THE ASSISTANT VICE-CHANCELLOR.—At first blush the defendant's claim for the seven hundred dollars, appears to be unconscionable if not usurious; but I am convinced, on reflection, that the claim must be allowed.

1. As to the alleged usury. In order to constitute usury, there must be either directly or indirectly, a loan or forbearance of money, or some other thing. (Blydenburgh on Usury, 84 to 86, and the cases there cited.) Here there was no forbearance, because Righter was the creditor ; and there was no loan, because first, the money received by Righter, was a payment made and applied upon a security which he held against Stall ; and second, it was never to be repaid by Righter to Stall. So far from its being a loan by Stall to Righter, it was a payment which actually extinguished so much of a debt which Stall owed to Righter, payable at a future day.

If Righter had sold this bond and mortgage, to the witness, Mr. Soule, for instance, at a discount of $700, receiving from Mr. Soule $1400, in cash, and his notes on time for the balance; no one at this day, would question the legality of the transaction.

If Righter had been in the same urgent need of $2500, in May, 1843, and had agreed with Stall, that he would receive that sum in full of the mortgage, and Stall had paid it to Righter, and obtained his discharge of the mortgage ; I do not think any effort would have been made to set aside the discharge, and re-instate the mortgage for the sum deducted.

This transaction does not differ in principle, from those which I have supposed.

2. The complainant claims that there is no good or sufficient consideration for the agreement to indorse $700, on the bond and mortgage, and that it was unconscionable.

On this point, I think the consideration was undoubtedly valid, and sufficient to support the agreement.

By the terms of the bond and mortgage, no principal fell due till two years from the time when the $1400, was paid, and it then was to become due in annual instalments of $300, each,

and when the agreement was made, there was no interest yet due. There was about $200, of interest falling due on the 1st of May, 1843, and the residue of the $1400, was therefore to be purely an advance of principal. The payment of $1200, at that time, which could not be exacted except in equal amounts, two, three, four and five years thereafter; was in contemplation of law a benefit to the creditor, and the raising and paying it, an injury to the debtor, which formed a valuable consideration.

It appears that Righter was then liable to be prosecuted in respect of the Pettit mortgage, for $1400, and a suit had been commenced against Pettit, for the debt which Righter was bound to pay.

He thought it was better for him to obtain the $1400, by discounting $700, on a security due to himself, but payable at a distant period, than to raise it by selling other property at a sacrifice, or by making a loan. It is impossible for the court to say that he was not correct in his judgment of the matter, or to weigh the extent of its benefit to him, or its injury and inconveniences to Stall. The parties themselves settled the question by the agreement made at the time, for the allowance of the sum of $700.

This court has no more right to disturb or remodel their contract, than it would have had, if in order to raise the same $1400, Righter had sold Stall for cash, a farm worth $2400, on a sale upon a long credit, and for which he had been offered that price.

I entertain no doubt but that the whole $2100, is to be allowed as a payment on the bond and mortgage : on the 6th day of May, 1843.

The question as to its application remains to be adjusted.

As to this, the year's interest then accrued on Stall's mortgage, with five days interest on the $2100, must first be discharged, and the residue must go in discharge of the principal of the bond and mortgage. On the balance of principal, the complainant is of course entitled to the annual interest from May 1, 1843.

Then as to the principal discharged, shall it go in exoneration of the earlier or the later payments of principal, as secured to be paid by the bond and mortgage ?

The parties did not stipulate on this point, the defendant gave

no direction about it, nor did the mortgagee make any specific application at the time.

The court must therefore apply it as justice to the interest of both parties requires.

I think the sum of $1882 29, paid towards principal, must be applied rateably to the exoneration of all and each of the instalments of principal which were provided for in the bond and mortgage. This may be readily done by computation. When this bill was filed, one of the reduced instalments of principal was in arrear, and two year's interest on the whole unpaid principal, viz. $1198 71. Another instalment of principal fell due on the 1st of May last.

In regard to costs, both parties are in the wrong in this litigation. The complainant claimed too much, while the defendants denied that any thing was in arrear. In order to do as exact justice as possible, I will give to neither party costs against the other to this time. The decree will settle the precise amount due, and in arrear, and the sums payable in future. If the defendant omit to pay the sum in arrear, with interest, within thirty days after the service of a copy of the decree on his solicitor, the decree will direct a sale by a master of so much of the mortgaged premises as will pay the sum in arrear, with interest and the complainants costs subsequent to its entry. It will also provide for an application by petition by the complainant, for an order to sell, whenever future payments become due and remain in arrear.(a)

---

(a) The following statement made in conformity to the opinion, illustrates the principle adopted in the application of the payment.

| | | | | | |
|---|---|---|---|---|---|
| 1842, May 1, Bond and mortgage, | . | . | . | . | . $3081 |
| 1843, May 1, Interest 1 year, | . | . | . | . | . 215 67 |
| " 6, " on the 2100, from May 1, till paid, 5 days, | . | . | 2 04 |
| | | | | | 3298 71 |
| " 6, Sum paid, per agreement, | . | . | . | . 2100 |
| Balance of principal, May 1, 1843, | . | . | . $1198 71 |

Righter v. Stall.

Balance of principal, May 1, 1843,   .    .    .   $1198 71

Last payment was to be,   .  .  .  .   $81
    Then

As 3081 : 81 :: 1198 71 ;
Gives as the last payment rateably, on a principal of
    $1198 71, the sum of $31 12.

    Whole principal,   .   .   .   1198 71
    Last payment,   .   .   .   .  31 12 (say 31 11)

Leaves the 10 instalments,   .   .   .   $1167 60

and each of the ten is   .   .   .   .   $116 76

Then for the amount in arrear,

1846, May 1, Interest 3 years on $1198 71,   .   .   .   251 73
    Instalments due May 1, 1845, and 1846,
    two of 116 76, each,   .   .   .   .   .   233 52

                                                485 25

Add interest on the 233 52, till date of decree,

    Total in arrear,       .     .    .   $